**In the Matter of W. Brent WELKE.**

**No. 13S00–0002–DI–88.**

Supreme Court of Indiana.

Aug. 6, 2002.

### *ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Ind. Admission and Discipline Rule 23, Section 11, the Indiana Supreme Court Disciplinary Commission and the respondent have submitted for approval a *Statement of Circumstances and Conditional Agreement for Discipline* stipulating a proposed discipline and agreed facts as summarized below:

**Facts:** Pursuant to Count I of the verified complaint underlying this action, the respondent charged $1,500 as a "nonrefundable" retainer, then failed to discontinue his work on the case after the client terminated the representation and failed to refund the unearned portion of the retainer for some eight months. Under Count II, he charged a client a $3,000 "nonrefundable" minimum fee and failed promptly to refund the unearned portion of that fee upon his termination of representation.

**Violations:** In Counts I and II, the respondent violated Ind. Professional Conduct Rule 1.5(a), which prohibits a lawyer from charging an unreasonable fee, by charging his clients "nonrefundable" retainer fees. This was not a permissible flat fee. Under the arrangement, the respondent was impermissibly permitted to keep the entire fee whether or not he did any work on behalf of the clients, whether or not the clients received any value, and regardless of whether the respondent incurred any detriment. *See Matter of Thonert,* 682 N.E.2d 522, 524 (Ind.1997). In Count I, he violated Prof.Cond.R. 1.16(a)(3), which requires lawyers to withdraw from representation upon being discharged by the client, and Prof.Cond.R. 1.16(d), which requires lawyers, upon termination of representation, to refund unearned fees. In Count II, he violated Prof.Cond.R. 1.16(d).

**Discipline:** Thirty (30) day suspension from the practice of law, effective September 7, 2002, with automatic reinstatement thereafter.

The Court, having considered the submission of the parties, now APPROVES and ORDERS the agreed discipline. Costs of this proceeding are assessed against the respondent. The Clerk is directed to provide notice of this order to the hearing officer and all parties as directed by Admis.Disc.R. 23(3)(d).

All Justices concur.